UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN DECLUE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No. 20-cv-05808-PJH<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 12 |

    The court is in receipt of plaintiff Alan DeClue's ("plaintiff") "notice of motion and motion for temporary restraining order and/or preliminary injunction." Dkt. 12.  As indicated by its title, this motion suggests alternative requests for a temporary restraining order and a preliminary injunction.  It is unclear to the court what plaintiff attempts to accomplish by styling his motion in a way that seeks these requests in the alternative.  To be clear, each request calls for distinct relief.  A motion for a preliminary injunction asks the court to maintain the status quo prior to an action's final adjudication.  While similar, a motion for a temporary restraining order asks the court to maintain the status quo prior to a decision on a regularly noticed motion for a preliminary injunction.

    For several reasons, the court will construe this motion as one for a preliminary injunction.  First, plaintiff principally relies upon Local Rule 65-2 and Local Rule 7-2 in support of this motion.  Local Rule 65-2 controls motions for a preliminary injunction.  Local Rule 7-2 sets forth the general requirements for filing and serving motions set for hearing on the regularly noticed 35-day schedule.  Neither rule concerns a motion for a temporary restraining order.  Second, plaintiff failed to show that his motion satisfies Federal Rule of Civil Procedure 65(b)'s requirements to pursue a temporary restraining

order on an ex parte basis.  Third, because the events at issue allegedly occurred in 2017, including D.D.'s removal from plaintiff's custody, Dkt. 1 (Compl.) ¶ 57, there does not appear to be any special urgency in deciding plaintiff's request for injunctive relief on a non-regularly noticed basis.  Given the above, the court will apply Local Rule 7-2 and Local Rule 7-3 to determine this motion hearing date and briefing schedule.

Pursuant to those rules and the court's calendar, plaintiff must notice this motion for a hearing on a Wednesday at least 35 days after its filing.  Given that plaintiff filed the instant motion on September 11, 2020, the court will treat it as though noticed for hearing on **October 21, 2020**.  In ordinary course, any opposition to this motion must be filed and served within 14 days of the motion's filing.  However, based on the absence of a proof of service attached to the motion, it appears that plaintiff has not yet served his motion on defendants.  Thus, the court **ORDERS** plaintiff to serve his motion and a copy of this order on defendants within 48 hours.  Given the above peculiarity in service, the court will extend the opposition deadline by five days.  Accordingly, any opposition to this motion must be filed and served by **September 30, 2020** and any reply by plaintiff in support of this motion must be filed and served by **October 7, 2020**.  In light of the ongoing public health crisis, the court generally does not hold hearings on civil motions.  Thus, unless it notifies the parties otherwise, the court will decide this motion on the papers without a hearing.

**IT IS SO ORDERED.**

Dated: September 12, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge