UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN DECLUE,<br>       Plaintiff,<br>   v.<br>FAMILY LAW SERVICES, et al.,<br>       Defendants. | Case No. 20-cv-05808-PJH<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND AND ORDERING PLAINTIFF TO SHOW CAUSE**<br><br>Re: Dkt. No. 11, 47, 51, 60, 63, 66 |

Before the court is plaintiff Alan DeClue's ("plaintiff") motion for leave to amend his complaint. Dkt. 63; Dkt. 66 (re-noticing motion for hearing). The matter is suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court **DENIES** the motion. Separately, for the reasons provided below, the court also **ORDERS** plaintiff to show cause why his claims against the remaining defendants in this action should not be dismissed for failure to timely effect service.

**BACKGROUND**

Plaintiff initiated the instant action on August 18, 2020. Dkt. 1 (Compl.). In it, plaintiff alleges various claims under Title 42 U.S.C. § 1983 and state law. Id. All claims arise out of a dispute between him and his former wife, defendant Valerie DeClue ("Valerie"), concerning who is entitled to custody of their minor daughter. Id.

In his complaint, plaintiff named numerous public defendants, including the County of Alameda ("Alameda County"), the Alameda County District Attorney's Office ("D.A.'s Office"), deputy district attorney Nancy O'Malley ("O'Malley"), the Alameda County Superior Court (the "Superior Court"), and Superior Court Judge Jason Clay ("Judge

Clay"), as well as the City of Livermore ("Livermore"), Livermore Police Chief Michael Harris ("Harris"), and Livermore Police Officer Paul Giacometti ("Officer Giacometti") (collectively, the "Public Defendants").  Plaintiff also names various other private defendants, including Family Law Services, Inc. ("Family Law"), Terra Firma Diversion Services ("Terra Firma"), and Terra Firma's owner, Bertha Cuellar ("Cuellar") (collective with Valerie, the "Private Defendants").

On October 30, 2020, the court dismissed all federal law claims against the Public Defendants with prejudice on some combination of the following grounds: prosecutorial immunity, sovereign immunity, judicial immunity, the Rooker-Feldman doctrine, the statute of limitations, and failure to allege sufficient facts to state a claim.  Dkt. 60 at 8-18.  The court then declined to exercise supplemental jurisdiction over their state law counterparts and dismissed those claims without prejudice.  Id. at 18-19.

On November 6, 2020, plaintiff filed an "objection" to the court's October 30 order, raising four disagreements.  Plaintiff principally asserts that "defendants have knowingly and willfully misled" the court and that they continue to engage in wrongful conduct.  Dkt. 62 at 1-2.  Plaintiff adds that the court "does not have the authority to dismiss" his claims, is "practicing law from the bench citing argumentative case law benefiting defendants," and has a duty to give special treatment to self-represented litigants, including by not holding them to the "same standard as trained BAR members."  Id.  at 1.

In tandem with his objection, plaintiff filed the instant motion for leave to amend his complaint.  Dkt. 63.  In it, plaintiff asks for leave to file a first-amended complaint to "include facts from actions that occurred subsequent to the complaint that have relevance to plaintiff's claims for relief."  Id. at 1.  From what the court can discern, such facts involve some "unadjusted activity" pertaining to some "single point question" raised in two October 2019 letters from plaintiff to the Superior Court.  Id. at 1-5.  Plaintiff attaches both letters to his motion.  Id. at 3-4.  The letters, one dated October 7, 2019 and the other dated October 17, 2019, are materially similar.  Id.  Both ask the following:

> For   clarification   purpose   only,   does   the   here   specified

|   |   |
|---|---|
| 1 | enclosure indicate dishonest activity (uninsurable activity/questionably insurable activity) pursuant to the |
| 2 | insurance policy/ies you maintain?  The damages exceed $10,000.  Id. |

Based on the pages following these letters, it appears that the "enclosure" referenced in plaintiff's letter comprises a couple sets of minutes outlining some 2017 hearings before Judge Clay, a July 2017 order by Judge Clay, and an excerpt of the state court docket. Id. at 6-13.  In his motion, plaintiff states that he "will submit his first amended complaint by Friday, November 20, 2020." Id. at 2.  To date, plaintiff has not filed any amended pleading.

Before turning to its analysis, the court will address two threshold matters.  First, it is unclear whether plaintiff intended his November 6, 2020 filings to be a motion for reconsideration pursuant to Local Rule 7-9 or a motion for leave to amend pursuant to Federal Rule of Civil Procedure 15.  Given that, the court will analyze plaintiff's filings under both frameworks.  Second, the court need not and will not indulge plaintiff's second and third objections.  With respect to his fourth objection, however, plaintiff should understand that he—like all litigants before this court—will be held to the same standard.

**A.    The Court Will Not Reconsider Its October 30 Order**

Local Rule 7-9 permits a party to request leave to file a motion for reconsideration of an interlocutory (i.e., not-yet-appealable) order.  Civ. L.R. 7-9(a).  Pursuant to Local Rule 7-9, the court may reconsider such an order only under certain circumstances.  Civ. L.R. 7-9(b).  Relevant here, those circumstances require the discovery of a new fact other than those presented to the court prior entry of the subject order, Civ. L.R. 7-9(b)(1), or the development of a new fact occurring after such order, Civ. L.R. 7-9(b)(2).  Separately, Local Rule 7-9 expressly prohibits a party from repeating any argument previously raised before entry of the subject order.  Civ. L.R. 7-9(c).

To the extent plaintiff asks the court to reconsider its October 30 order, the court declines for at least four reasons.  First, as a procedural matter, plaintiff failed to obtain leave of court before filing his motions.  Civ. L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.").

Second, in his November 6 filings, plaintiff fails to proffer any facts that he either did not know prior to the October 30 order or that have occurred since that order. Plainly, October 7, 2019 and October 17, 2019, which are the dates that plaintiff addressed the subject letters to the Superior Court, occurred before October 30, 2020.

Third, even if the court were to consider the so-called "single point question" mentioned in plaintiff's October 7, 2019 and October 17, 2019 letter to the Superior Court, that question would not alter the court's justifications to dismiss the federal law claims against the Superior Court and Judge Clay with prejudice. As detailed in the October 30 order, the claims against those defendants were subject to dismissal on grounds of judicial immunity and Rooker-Feldman abstention. DKt. 60 at 15-18.

Lastly, given that plaintiff did not address the October 2019 letters to the remaining Public Defendants, such letters may not, in any event, serve as a basis for the claims against those defendants. Thus, plaintiff failed to identify any factual basis for the court to reconsider its decision to dismiss the Alameda County Defendants or the Livermore Defendants. Given the above, the court denies any request by plaintiff to reconsider its decision to dismiss the Public Defendants.

**B.     Plaintiff May Not Amend His Claims Against the Public Defendants**

Under Rule 15, a party generally may amend its pleadings as a matter of course within 21 days of their service. Fed. R. Civ. Pro. 15(a)(1). After that, a party may amend its pleadings only if it obtains the opposing party's written consent or leave of court. Fed. R. Civ. Pro. 15(a)(2). In the latter scenario, courts "should freely give leave when justice so requires." Id.  When deciding whether to grant leave, courts consider various factors, including, in relevant part, futility of amendment. In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013).

For at least two reasons, the court denies plaintiff's motion for leave to amend his complaint. First, to the extent plaintiff seeks to amend his claims against any of the Public Defendants, such an amendment would be futile. Again, as detailed in the court's October 30 order, the claims against those defendants are subject to dismissal on

grounds of various immunity and jurisdictional doctrines, as well as the statute of limitations.  Dkt. 60 at 8-18.  Those rationales are legal in nature.  Thus, any additional factual allegations proffered in support of those claims would not alter the court's decision to dismiss them.

Second, even if the court were to consider the October 2019 letters' "single point question," such question relates to only the Superior Court and Judge Clay.  It does not appear to bear any relation to the Private Defendants, who are the only defendants remaining in this action.  Given the above, the court denies plaintiff's motion for leave to amend his complaint.  Dkt. 63; Dkt. 66.

**C.   The Court Orders Plaintiff to Show Cause Why the Court Should Not Dismiss His Claims Against the Private Defendants**

Rule 4(m) requires a plaintiff to serve all defendants in an action within 90 days of its filing.  Fed. R. Civ. Pro. 4(m).  If a plaintiff fails to do so, the court "must dismiss the action without prejudice against [an unserved] defendant or order that service be made within a specified time."  Id.  The court must extend the time for service if plaintiff shows good cause for the failure to serve.  Id.

Plaintiff filed this action on August 18, 2020.  Thus, he was required to serve all defendants in it by November 16, 2020.  On September 23, 2020, the clerk of court declined to enter default against Valerie, Family Law, and Terra Firma.  Dkt. 47.  To support that decision, it explained that plaintiff (1) only mailed but did not serve the complaint on Valerie and Family Law and (2) omitted which qualifying agent at Terra Firm was served.  Id.

To date, plaintiff has not filed an executed summons showing that he cured the service deficiencies identified by the clerk with respect to these three Private Defendants.  Indeed, he failed to even respond to the clerk's rejection of his "proofs of service" for these defendants.  Given these failures, the court orders plaintiff to show cause why his claims against Valerie, Family Law, and Terra Firma should not be dismissed for failure to timely and properly serve them.  Separately, while plaintiff has not shown good cause

for failing to comply with Rule 4(m), the court will nonetheless extend time for him to effect service. Thus, as an alternative to responding to the court's order to show cause, plaintiff may properly serve Valerie, Family Law, and Terra Firma and then file an amended proof for each defendant showing such service.

To the extent plaintiff suggests that General Order No. 75 permits him to serve by certified mail, see Dkt. 11-2 at 2; Dkt. 11-5 at 2, he is mistaken. By its terms, that order applies to only service of process performed by the United States Marshals Service assigned to this district. If plaintiff needs assistance understanding the service of process requirements, the court directs his attention to the Legal Help Desk. https://cand.uscourts.gov/about/court-programs/legal-help-desks/. In any event, the court reminds plaintiff that he himself may ***not*** attempt to serve defendants. Fed. R. Civ. Pro. 4(c)(2) ("Any person who is at least 18 years old ***and not a party*** may serve a summons and complaint.") (emphasis added).

That leaves only Cuellar. The circumstances surrounding her purported service are more complicated. On August 18, 2020, the clerk issued separate summonses for Terra Firma and Cuellar. Dkt. 5 at 2. That decision makes sense given that plaintiff names both Terra Firma as an entity and Cuellar in her personal capacity, not just as an agent of Terra Firma. Compl. ¶¶ 16, 17. Both summonses were issued for the same address—namely, 30086 Mission Blvd., Hayward, California 94544. Dkt. 5 at 2.

However, plaintiff returned only a ***single*** proof purporting to show service on ***both*** of these separate defendants. Dkt. 11-4 at 2 ("This summons for . . . Terra Firma ***and*** Bertha Cuellar was received by me on August 24, 2020 . . . I personally served the summons on the individual at . . . 30086 Mission Blvd., Hayward, CA 94544 on August 26, 2020 . . .") (emphasis added). Thus, it is unclear to the court whether plaintiff personally served Cuellar herself or some other unspecified Terra Firma agent (with Cuellar's papers) at the subject address on August 26, 2020. Given that ambiguity, the court orders plaintiff to file a proof showing service on Cuellar in particular. In the event plaintiff did not actually serve Cuellar, the court will, again, extend time for him to do so.

1  In that event, he must either properly serve Cuellar and file an amended proof or
2  otherwise explain why his claims against her should not be dismissed for failure to timely
3  and properly serve her.

4  Lastly, the court understands that the clerk entered default against Cuellar on
5  September 23, 2020.  Dkt. 46.  On October 2, 2020, the clerk withdrew that entry,
6  explaining that plaintiff failed to provide documents showing a sum certain amount.  Dkt.
7  51.  To date, plaintiff has not attempted to cure that failure.  In the event plaintiff properly
8  served Cuellar, he must promptly provide the subject documents.

## CONCLUSION

For the above reasons, the court **DENIES** plaintiff's motion for leave to amend his complaint.  Dkt. 63.  Separately, the court orders plaintiff to file a response to its order to show cause by **Friday, January 15, 2021**.  Given that the court has sua sponte extended time for plaintiff to properly serve the Private Defendants, he may, in the alternative, file amended proofs of service showing proper service on each of the Private Defendants.  Again, the court will permit him until **Friday, January 15, 2021** to file such amended proofs.  If plaintiff fails to timely take either course of action, the court will dismiss the remainder of this case with prejudice under Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

Dated: December 30, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge